IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FRANK BRETT, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4546 |
| | : | |
| U.S. CUSTOMS MARLON MOLLER, | : | |
| *et al.*, | : | |
| Defendants. | : | |

FILED
OCT 24 2019
KATE BARKMAN, Clerk
By:_____ Dep. Clerk

| FRANK BRETT, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4674 |
| | : | |
| JUDGE GOLDBERG, *et al.*, | : | |
| Defendants. | : | |

| FRANK BRETT, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4799 |
| | : | |
| McGLAGHLN, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**TUCKER, J.**                                                                                   **OCTOBER 23, 2019**

Plaintiff Frank Brett, a serial *pro se* litigant, has lodged three Complaints with the Court in a period of three weeks. He filed Motions to Proceed *In Forma Pauperis* in all three cases. As is typical of Brett's filings, his Complaints are difficult to read, rambling, and name numerous Defendants based on allegations and events going back several decades. The Complaints

1

replicate each other and replicate allegations raised in prior lawsuits. Brett also moved to file his cases under seal, as is his usual practice.

For the following reasons, the Court will grant Brett leave to proceed *in forma pauperis* and dismiss his Complaints. The Court will deny Brett's motions to file his cases under seal and his other outstanding motion. In light of Brett's litigation history, which reflects that he has abused the privilege of proceeding *in forma pauperis* by repeatedly filing meritless complaints over a period of several years, the Court will direct Brett to show cause as to why he should not be subjected to a prefiling injunction.

## I. FACTS AND BRETT'S LITIGATION HISTORY[1]

### A. Brett's Litigation History in This Court

Since 2008, Brett has filed fifty-four lawsuits in this Court, not counting the three Complaints currently pending. In each of his prior lawsuits, Brett sought leave to proceed *in forma pauperis*. None of Brett's previously-filed cases proceeded past screening pursuant to 28 U.S.C. § 1915, and almost all of them were dismissed because they were based on incomprehensible or frivolous allegations, or for lack of jurisdiction.[2] Brett's Complaints are

---

[1] The following allegations are taken from Brett's Complaints, exhibits attached to the Complaints, and public dockets.

[2] *Brett v. Stark*, E.D. Pa. Civ. A. No. 19-2504 (failure to prosecute); *Brett v. Biden*, E.D. Pa. Civ. A. No. 18-4738 (failure to prosecute); *Brett v. Pucollo*, E.D. Pa. Civ. A. No. 18-4634 (failure to prosecute); *Brett v. D'Andrei*, E.D. Pa. Civ. A. No. 17-5391 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Brady*, E.D. Pa. Civ. A. No. 17-5295 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Goldberg*, E.D. Pa. Civ. A. No. 17-5294 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Sampson*, E.D. Pa. Civ. A. No. 17-5017 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Anthony Unknown*, E.D. Pa. Civ. A. No. 17-4204 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Williams*, E.D. Pa. Civ. A. No. 17-3314 (insufficient *in forma pauperis* motion); *Brett v. Hines*, E.D. Pa. Civ. A. No. 15-6142 (frivolous); *Brett v. Sunday Breakfast Mission*, E.D. Pa. Civ. A. No. 15-5932 (frivolous); *Brett v. Goldberg*, E.D. Pa. Civ. A. No. 15-

2

often illegible and regularly appear grounded in paranoid delusions. They usually name numerous defendants and discuss conduct going back decades including alleged slights, crimes,

---

5795 (complaint failed to comply with Rule 8, was frivolous, and failed to state a claim); *Brett v. Carramuncle*, E.D. Pa. Civ. A. No. 15-4898 (frivolous); *Brett v. Caranunche*, E.D. Pa. Civ. A. No. 15-4538 (frivolous); *Brett v. Sampson*, E.D. Pa. Civ. A. No. 15-3711 (frivolous and failure to state a claim); *Brett v. Belmont Baptist Church*, E.D. Pa. Civ. A. No. 14-5172 (frivolous); *Brett v. Zane*, E.D. Pa. Civ. A. No. 14-4582 (frivolous); *Brett v. Ruffin*, E.D. Pa. Civ. A. No. 14-4445 (frivolous); *Brett v. Cooth*, E.D. Pa. Civ. A. No. 14-3405 (frivolous and failure to state a claim); *Brett v. Fumo*, E.D. Pa. Civ. A. No. 14-3129 (frivolous); *Brett v. Brady*, E.D. Pa. Civ. A. No. 14-2704 (frivolous); *Brett v. Erica Unknown*, E.D. Pa. Civ. A. No. 13-7549 (frivolous); *Brett v. Ya Ya*, E.D. Pa. Civ. A. No. 13-7394 (frivolous); *Brett v. Carramunche*, E.D. Pa. Civ. A. No. 13-6448 (frivolous); *Brett v. U.S. Marshall Gary Unknown*, E.D. Pa. Civ. A. No. 13-4522 (frivolous); *Brett v. Unknown Internal Revenue Service Male Agent*, E.D. Pa. Civ. A. No. 13-3941 (frivolous and lack of jurisdiction); *Brett v. Hill*, E.D. Pa. Civ. A. No. 12-6943 (failure to comply with Rule 8 and frivolous); *Brett v. U.S. Marshall John*, E.D. Pa. Civ. A. No. 12-6626 (frivolous); *Brett v. Phila Police Dept. Unknown White Older Cop*, E.D. Pa. Civ. A. No. 12-6566 (frivolous); *Brett v. Lavender*, E.D. Pa. Civ. A. No. 12-6406 (frivolous); *Brett v. Carramunchse*, E.D. Pa. Civ. A. No. 12-6307 (complaint failed to state a claim); *Brett v. U.S. Marshalls*, E.D. Pa. Civ. A. No. 12-6199 (complaint failed to state a claim); *Brett v. Unknown Black Female U.S. Mail Carrier*, E.D. Pa. Civ. A. No. 12-5827 (frivolous); *Brett v. Gertz*, E.D. Pa. Civ. A. No. 12-5798 (directing Brett to file amended complaint which he failed to do); *Brett v. John the Unknown*, E.D. Pa. Civ. A. No. 12-4599 (frivolous); *Brett v. Lauff*, E.D. Pa. Civ. A. No. 12-4004 (complaint failed to comply with Rule 8); *Brett v. Greene*, E.D. Pa. Civ. A. No. 12-3589 (complaint failed to state a claim); *Brett v. Brenen*, E.D. Pa. Civ. A. No. 12-2964 (frivolous); *Brett v. Giorgini*, E.D. Pa. Civ. A. No. 12-1571 (failure to comply with Rule 8); *Brett v. Izzi*, E.D. Pa. Civ. A. No. 11-6899 (dismissed as untimely); *Brett v. Izzi*, E.D. Pa. Civ. A. No. 11-5969 (frivolous); *Brett v. Obama*, E.D. Pa. Civ. A. No. 11-5562 (frivolous); *Brett v. Fed Ex*, E.D. Pa. Civ. A. No. 11-5350 (frivolous); *Brett v. Marsella*, E.D. Pa. Civ. A. No. 11-4477 (frivolous); *Brett v. Nilon*, E.D. Pa. Civ. A. No. 11-3135 (dismissing case against two judges as frivolous); *Brett v. Bracken*, E.D. Pa. Civ. A. No. 11-2352 (frivolous); *Brett v. Berman*, E.D. Pa. Civ. A. No. 10-4389 (dismissing case as frivolous and directing Brett to stop filing motions in the case); *Brett v. Donahue*, E.D. Pa. Civ. A. No. 10-3797 (complaint failed to comply with Rule 8); *Brett v. Phila. Police Dept.*, E.D. Pa. Civ. A. No. 10-1777 (complaint failed to comply with Rule 8); *Brett v. City of Orlando Fl. Police Dept.*, E.D. Pa. Civ. A. No. 09-5789 (dismissing complaint with repetitive allegations for failure to state a claim); *Brett v. Sellers Library*, E.D. Pa. Civ. A. No. 09-3132 (dismissing case against numerous defendants including the President and Vice President as frivolous); *Brett v. Fumo*, E.D. Pa. Civ. A. No. 08-5080 (dismissing incomprehensible complaint naming thirty-six defendants as frivolous); *Brett v. United States*, E.D. Pa. Civ. A. No. 08-4306 (dismissing case as frivolous because the complaint "consists entirely of incomprehensible claims"). Brett also filed a case that was never unsealed, but which was also dismissed as frivolous.

3

and conspiracies committed by members of state and federal government, court employees, assorted corporate entities, family members, neighbors, priests, random individuals who happened to jog by Brett on the street, and strippers. In fact, Brett has included with some of his complaints copies of fliers advertising strip-clubs, which feature pictures of scantily clad or half-naked women.

Brett's complaints often repeat allegations contained in prior frivolous pleadings. He also regularly moves to file his cases under seal out of apparent concern that his life in in danger.

## B. Brett's Litigation History in Other Federal Courts

Brett has demonstrated a similar pattern of litigious activity in other federal district courts throughout the country. A search of Brett's name in the Public Access to Court Electronic Records ("PACER") system and in Westlaw reflects that Brett has filed well over one-hundred lawsuits in at least seventeen federal district courts since 2006.[3] His cases are characteristically "largely illegible handwritten pleading[s] containing rambling, unclear, and nonsensical assertions." *Brett v. Wingate*, Civ. A. No. 15-02438, 2016 WL 1458941, at *1 (M.D. Pa. Mar. 22, 2016), *report and recommendation adopted*, 2016 WL 1450703 (M.D. Pa. Apr. 13, 2016); *see also Brett v. Bush*, Civ. A. No. 09-0213, 2009 WL 290251, at *1 (D.D.C. Feb. 4, 2009) ("There appear to be so many factual allegations against so many defendants that the Court cannot discern what claim or claims he brings against each defendant."); *Brett v. Woodley*, Civ. A. No. 06-410, 2007 WL 1695652, at *4 (D. Del. June 8, 2007) ("Brett never identifies which facts support which claims—or even which defendants are associated with which claims—and

---

[3] That number includes most of the cases filed in this district. A PACER search reflects 185 cases, but that does not count any sealed cases, including the three cases discussed herein, which were opened under seal. That number also does not account for any cases that may have been transferred and, thus, appear with two case numbers. Brett has been less active in the United States Circuit Courts of Appeal, having only filed eight appeals.

4

the facts themselves are presented in such an incoherent manner that it is impossible for the court to determine the bases for the legal claims.").

Several courts have documented Brett's vexatious behavior. *See, e.g.*, *Brett v. Zimmerman*, Civ. A. No. 15-02414, 2018 WL 6576412, at *1 (M.D. Pa. Nov. 2, 2018) ("Frank Brett, is a prolific serial litigant who has initiated more than a dozen prior *in forma pauperis* actions in this Court, all of which have ended with dismissal as frivolous, for failure to state a claim, or for lack of subject matter jurisdiction."), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Brett v. Hansen*, Civ. A. No. 12-127, 2013 WL 663914, at *3 (E.D.N.C. Feb. 25, 2013) ("Court records show that plaintiff has pursued, unsuccessfully, scores of cases in twelve different federal districts."), *report and recommendation adopted*, 2013 WL 1187433 (E.D.N.C. Mar. 22, 2013); *Brett v. State Police*, Civ. A. No. 08-433, 2008 WL 2073899, at *4 (M.D. Fla. May 14, 2008) ("[Brett's] Complaint is yet another attempt to sue a slew of individuals, but fails to state a cause of action." (footnote omitted)). He is also subject to a prefiling injunction in at least one district. *See Brett v. Unknown Black Woman Jogger*, Civ. A. No. 12-1516, 2013 WL 1774387, at *2 (D. Del. Apr. 24, 2013) (directing Brett to show cause "why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware regarding or relating to alleged violations of his civil rights by reason of religion and/or sex and slander including, but not limited to, actions against unknown individuals").[4]

---

[4] Brett was subsequently enjoined from filing "any complaint, lawsuit, or petition for a writ of mandamus in the District of Delaware regarding or relating to alleged violations of his civil rights by reason of religion and/or sex and slander including, but not limited to, actions against unknown individuals." *Brett v. Unknown Black Woman Jogger*, D. Del. Civ. A. No. 12-1516 (Nov. 21, 2013 Order ECF No. 10 at 2, ¶ 1.)

5

### C. Brett's Pending Complaints

#### 1. *Brett v. Moller*, Civ. A. No. 19-4546

On September 30, 2019, Brett lodged a Complaint with the Court, which was docketed as Civil Action Number 19-4546, along with a Motion to Proceed *In Forma Pauperis* and a Motion to file his case under seal because he fears for his life. He identified ten Defendants in the caption of the Complaint, including two individuals who appear to work for the United States Customs Service and someone by the name of Steve Cannamiche, identified as a "court clerk," who has been sued by Brett on numerous prior occasions although the spelling of his name varies. Brett also attached to his Complaint a list entitled "Addresses of Defendants," which lists 125 individuals and/or entities Brett apparently seeks to sue. (Civ. A. No. 19-4546 Compl. ECF No. 2 at 6-9.)[5] Many of these individuals have previously been named as Defendants in Brett's prior cases, *e.g.*, the Honorable Mitchell S. Goldberg, who serves on this Court, Joe Biden and his wife Jill, Congressman Robert Brady, and former Philadelphia District Attorney Seth Williams.

Brett's Complaint is rambling and unintelligible. He refers to numerous individuals whom he appears to believe have wronged him or, perhaps, who have wronged society in some respect. Brett indicates that he is seeking relief for events that occurred from 1986 through 2019. (*Id.* at 3.) His allegations are entirely disjointed and often do not clearly relate to the named Defendants or events that happened in this decade. One of Brett's general themes is that various individuals are spying on him or trying to harm him.

---

[5] The Court adopts the pagination assigned to Brett's Complaint by the CM/ECF system.

Among other things, Brett discusses the shooting of various drug dealers, claims that members of the Guadalopez family—whom he appears to identify as drug dealers—are following him and "film[ing] [him] naked taking a shower and peeing and pooping." (*Id.*) He also alleges, as he has in prior lawsuits, that he was hit by a car. His allegations are at times sensational, such as his allegation that the Bidens are "part of a large group that broke into [his] and Cheryl Brett's homes from 1989 until 2008"—a plot that he also appears to tie to the Catholic church. (*Id.* at 11.) Brett's allegations also discuss the Mafia and strip clubs, as well as other individuals' criminal acts and sexual exploits. As he has done in some of his prior cases, Brett included a list of license plates and strip-club fliers featuring half-naked women.

### 2. *Brett v. Goldberg*, Civ. A. No. 19-4674

On October 7, 2019, Brett lodged a second Complaint with the Court, which was docketed as Civil Action Number 19-4674, along with a Motion to Proceed *In Forma Pauperis* and a Motion to file his case under seal because of alleged threats to his life. The Complaint lists ninety-four Defendants, many of whom duplicate the Defendants identified in Civil Action Number 19-4546. The Complaint asserts rambling, incoherent, disjointed allegations about drug dealers, crimes committed against Brett, and Brett being hit by cars. Brett indicates that the events giving rise to his claims occurred between 2008 and 2019 and claims he was an undercover federal officer. (Civ. A. No. 19-4674 Compl. ECF No. 2 at 5.) He also claims that various individuals including attorneys, federal agents, and a judge are following him. On October 15, 2019, Brett filed a "Motion to Add to Case," which is a list of twenty-eight names of individuals whom he apparently seeks to add as Defendants, even though these individuals all already appear to be included in the original list of ninety-four Defendants. (*Compare id.* at 2 *with* ECF No. 5.)

7

### 3. *Brett v. McLaughlin*, Civ. A. No. 19-4799

On October 16, 2019, Brett lodged a third Complaint with the Court, which was docketed as Civil Action Number 19-4799, along with a Motion to Proceed *In Forma Pauperis* and a Motion to file his case under seal because of alleged threats to his life. This Complaint appears to name some new Defendants, including the Honorable Mary McLaughlin, the Judge who presided over Brett's cases in this Court from 2008 through 2014. Brett's allegations again appear to concern alleged threats made against his life over the course of several years by drug dealers and others. He claims that the events giving rise to his claims took place between 2008 and 2019, although some of his allegations date back to the 1980s, and he appears to duplicate many of the allegations raised in Civil Action Number 19-4674. (Civ. A. No. 19-4799 Compl. ECF No. 2 at 4.) Brett has again included lists of license plates and pictures of partially nude women with his Complaint.

## II. STANDARD OF REVIEW

The Court grants Brett leave to proceed *in forma pauperis* in these three cases because it appears that he lacks the ability to pay the fees to commence these actions. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss Brett's Complaints if they are frivolous, malicious, or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or

harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Brett is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The

important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

The Court will dismiss Brett's Complaints for failure to comply with Rule 8 and because, to the extent his allegations can be understood, his Complaints are frivolous, malicious, and fail to state a claim. The manner in which Brett's Complaints are pled makes them difficult to understand. As noted above, Brett's allegations are disjoined, often illegible, and rambling, such that it is not clear what he is trying to communicate and how, if at all, a given allegation relates to a particular Defendant or Defendants. Indeed, it is often not clear who the Defendants are in a given case. Furthermore, many of Brett's allegations are fanciful, delusional or grounded in paranoia such that they are factually frivolous. The allegations in the three Complaints, to the extent decipherable, often duplicate each other and replicate allegations contained in other complaints that Brett has filed in this and other courts. In sum, the Court has thoroughly reviewed Brett's filings and cannot discern any plausible basis for a non-frivolous

10

claim upon which he could move forward. Given Brett's litigation history and the consistently incomprehensible state of his filings, the Court concludes that any attempts at amendment would be futile and will accordingly dismiss Brett's pending Complaints with prejudice.

"When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process." *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). The All Writs Act, 28 U.S.C. § 1651(a), provides a district court with the ability enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Brow*, 994 F.2d at 1038. First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

As explained in detail above, Brett has engaged in a pattern of litigation activity that is vexatious. For over a decade, he has filed incoherent, rambling, repetitive complaints that are often based on delusional and unclear allegations. He proceeds *pro se* and is almost always granted leave to proceed *in forma pauperis*. Except for a handful of cases that failed because

11

Brett did not file complete *in forma pauperis* applications, Brett's complaints have been dismissed upon screening pursuant to Rule 8 or pursuant to 28 U.S.C. § 1915(e)(2)(B), because they were frivolous, failed to state a claim, or did not fall within the Court's jurisdiction. Based on this pattern of conduct, Brett will be directed to show cause why he should not be subjected to an injunction in this Court preventing him from filing any new civil, non-*habeas* cases on an *in forma pauperis* basis, unless: (1) he does so through counsel, or (2) he becomes incarcerated and he files a lawsuit challenging the conditions of his confinement. In other words, to proceed with a new civil action, Brett would be required to either pay the fees up front or he would be required to file through counsel, unless he were filing a petition for a writ of *habeas corpus* or unless he became incarcerated and filed a lawsuit challenging the conditions of his confinement. The injunction also would not apply to criminal cases.

It is difficult to more narrowly tailor an injunction to capture the type of litigation activity exhibited by Brett in manner that also ensures Court resources will not be unnecessarily spent managing frivolous filings. As Brett's complaints are challenging to decipher and regularly include numerous known and unknown defendants, discuss several decades worth of events, and appear to have no limiting principle as to subject matter, the injunction proposed above appears necessary to prevent Brett's further abuse of the *in forma pauperis* privilege. *See In re McDonald*, 489 U.S. 180, 180 (1989) (per curiam) ("We also direct the Clerk not to accept any further petitions from petitioner . . . unless he pays the docketing fee required . . . ."); *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309 (D.C. Cir. 2008) ("Finding Hurt abused the privilege of proceeding before this Court without paying the usually required fees, we revoke this privilege, dismiss his forty-four pending cases and bar him from filing any future civil appeals without

paying the required fees.");[6] *In re Picozzi*, Civ. A. No. 18-2201, 2018 WL 3393279, at *11 (E.D. Pa. July 12, 2018) (enjoining litigant for a period of two years "from filing new civil cases *in forma pauperis* with the exception of any *habeas* cases or, should he end up incarcerated, cases challenging the conditions of his confinement" where there was "no apparent limiting principle—e.g., a limit on defendants, subject matter, case number, or time frame—that would prevent [the litigant's] litigious behavior because[] . . . the possible list of defendants associated with those who have done [him] harm or who may be involved in a conspiracy against him continues to expand"). To further limit Brett's filings by subject matter or previously named defendants would be unworkable. That is because his complaints are regularly difficult to understand, and his prior cases are so numerous that a review of whether a new case falls within the scope of the injunction would be more cumbersome than dealing with the new case on its merits, or lack thereof.

---

[6] In *Hurt*, the United States for the Court of Appeals for the District of Columbia Circuit concluded that its opinion in *In re Green*, 669 F.2d 779 (D.C. Cir. 1981) (per curiam), which held that a litigant could not be enjoined outright from filing new actions *in forma pauperis*, had been overruled by the Supreme Court's opinion in *In re McDonald*, which approved use of a prefiling injunction to prohibit abusive litigants from filing on an *in forma pauperis* basis. The Court of Appeals for the Third Circuit endorsed the approach discussed in *Green*, which required a district court to permit abusive litigants subject to an injunction to seek leave to file new allegedly meritorious cases provided they certified their claims had not been previously litigated, but in doing so did not discuss the impact of *McDonald*. *See Matter of Packer Ave. Assocs.*, 884 F.2d 745, 748 (3d Cir. 1989) ("We find [*Green*] to be a novel approach to the problems occasioned by pro se litigants who persist in filing great numbers of frivolous lawsuits."); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("We once again endorse the approach taken in *In re Green* as striking an appropriate balance between an indigent citizen's interest in access to the district court and the court's interest in being free from abusive tactics."). It appears the Third Circuit has not directly addressed "the propriety" of a "prospective restriction on [a litigant's] ability to proceed IFP." *Aruanno v. Davis*, 679 F. App'x 213, 216 n.6 (3d Cir. 2017) (per curiam).

Furthermore, if the Court required Brett to seek leave of court prior to filing a new case, the Court would essentially be required to review the filings in the same manner as if Brett were permitted to file without restriction. The Supreme Court has observed, in enjoining a litigant from filing writs on an *in forma pauperis* basis, that:

> Every paper filed with the Clerk of [the] Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of . . . frivolous requests . . . does not promote that end.

*In re McDonald*, 489 U.S. at 184. The Seventh Circuit has also accurately assessed the problem that results when an abusive litigant is directed to first seek leave of court prior to being permitted to file a document or new complaint:

> Often in such situations [with abusive litigants]—and they are distressingly common—courts enjoin the frivolous litigant from filing any paper with the court or its personnel without express prior authorization by a judge of the court. The problem with that response is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue, just with different labels on the filings and perhaps with fewer judges having to read the filings.

*Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (internal citation omitted). The Seventh Circuit suggested "[a] response less burdensome to the judiciary" which, in the case at hand, took the form of a direction to "the clerks of all federal courts in the circuit to return unfiled any papers that the litigant [in question] attempt[ed] to file, unless and until he [paid certain] sanctions that [had] been imposed against him" with the exception of criminal and *habeas* cases. *Id.* These cases lend support to the approach proposed here. Of course, Brett will be given an opportunity to respond before the Court proceeds with a prefiling injunction of any kind.

14

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brett leave to proceed *in forma pauperis* and dismiss his Complaints in the above cases with prejudice. Brett will also be directed to show cause within fourteen (14) days why he should not be subjected to an injunction in this Court that prevents him from filing any new civil non-*habeas* cases on an *in forma pauperis* basis, unless he does so through counsel or unless he becomes incarcerated and he files a lawsuit challenging the conditions of his confinement. Brett's Motions to seal his cases will be denied, as will his "Motion to Add to Case" in Civil Action Number 19-4674. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also Brett v. Brett*, 503 F. App'x 130, 133 (3d Cir. 2012) (per curiam) ("[W]e discern no basis for ordering this appeal sealed."). An appropriate Order follows.

**BY THE COURT:**

*/s/ Petrese B. Tucker*
**PETRESE B. TUCKER, J.**